IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 1:18-CR-0343 |
| | : | |
| v. | : | |
| | : | (Chief Judge Conner) |
| JORDAN JAMES | : | |
| | : | |
| Defendant | : | |

**SENTENCING MEMORANDUM
ON BEHALF OF JORDAN JAMES**

Through counsel, Jordan James files the following Sentencing Memorandum setting forth

all factors that the Court should consider in determining what type and length of sentence is

sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18

U.S.C. §3553(a).

Until the time of this offense, Defendant Jordan James had led a relatively commendable

life. He was attending a good college and had only had minor contacts with law enforcement. He

has taken responsibility for this offense and cooperated with law enforcement to as much as he

possibly could, including pleading guilty to the charges. In light of these factors, this Honorable

Court should find that a lesser penalty is appropriate.

**Sentencing under *Booker***

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in

Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466

(2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738,

756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found Ano

relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely

and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the

Court. Id. at 751.  Accordingly, reaffirming its holding in Apprendi, the Court concluded that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Id. at 756.[1]

Based on this conclusion, the Court further found those provisions of the federal

Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. §3553(b)(1) or

which rely upon the Guidelines's mandatory nature, 18 U.S.C. ' 3742(e), incompatible with its

Sixth Amendment holding.  Booker, 125 S. Ct. at 756.  Accordingly, the Court severed and

excised those provisions, "mak[ing] the Guidelines effectively advisory." Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as

revised by Booker,

---

[1]  It should be noted that the fact-of-prior-conviction exception to the Apprendi rule is based on Almendarez-Torres v. United States, 523 U.S. 224 (1998).  But the continued vitality of this case and the exception it created has been called into question not only by the broad reasoning of Booker itself, which would seem to apply to all enhancement facts, including facts of prior conviction, but also more recently by Shepard v. United States, 125 S. Ct. 1254 (2005).  Shepard sharply limits the Almendarez-Torres exception to the fact of prior conviction as determined by the judicial record, and excludes facts about the conviction which are not contained in such conclusive records.  As Justice Thomas notes, moreover, five justices agree that Almendarez-Torres was wrongly decided.  125 S. Ct. at 1264 (Thomas, J., concurring).

> requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A.
> §3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of
> other statutory concerns as well, see §3553(a).

<u>Booker</u>, 125 S. Ct. at 757.  Thus, under <u>Booker</u>, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A)     to reflect the seriousness of the offense, to promote respect for the law,
        and to provide just punishment for the offense;
(B)     to afford adequate deterrence to criminal conduct;
(C)     to protect the public from further crimes of the defendant; and
(D)     to provide the defendant with needed educational or vocational training,
        medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

1) "the nature and circumstances of the offense and the history and characteristics of the defendant" (§3553(a)(1);
2) "the kinds of sentences available" (§3553(a)(3);
3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (§3553(a)(6); and
4) "the need to provide restitution to any victims of the offense."  (§3553(a)(7).

Other statutory sections also give the district court direction in sentencing.  Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. ' 3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may

receive and consider for the purpose of imposing an appropriate sentence" (emphasis added).

This statutory language certainly overrides the (now-advisory) policy statements in Part H of the

sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors

such as the defendant's age, educational and vocational skills, mental and emotional conditions,

drug or alcohol dependence, and lack of guidance as a youth.  *See* U.S.S.G. ' 5H1.  See also

United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3,

2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon

his release from prison have a very low likelihood of recidivism since recidivism reduces with

age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal

History Computation of the Federal Sentencing Guidelines, May 2004); United States v. Naylor,

F. Supp. 2d __, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005)

(Jones, J.) (concluding that sentence below career offender guideline range was reasonable in

part because of defendant's youth when he committed his predicate offenses B he was 17 B and

noting that in Roper v. Simmons, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found

significant differences in moral responsibility for crime between adults and juveniles).

The directives of <u>Booker</u> and §3553(a) make clear that courts may no longer uncritically apply the guidelines.  Such an approach would be "inconsistent with the holdings of the merits majority in <u>Booker</u>, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in <u>Booker</u>, directing courts to consider all of the ' 3353(a) factors, many of which the guidelines either reject or ignore."  <u>United States v. Ranum</u>, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.).  As another district court judge has correctly observed, any approach which automatically gives a heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in <u>Booker</u>." <u>United States v. Jaber</u>, __ F. Supp. 2d __, 2005 WL 605787 *4 (D. Mass. March 16, 2005) (Gertner, J.).  <u>See also</u> <u>United States v. Ameline</u>, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), <u>reh'g en banc granted</u>, 4[p01 F.3d 1007 (9th Cir. 2005).

Justice Scalia explains the point well in his dissent from <u>Booker</u>'s remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range.  If the majority thought otherwise B if it thought the Guidelines not only had to be >considered' (as the amputated statute requires) but had generally to be followed B its opinion would surely say so.

<u>Booker</u>, 125 S. Ct. at 791 (Scalia, J., dissenting in part).  Likewise, if the remedial majority thought the guidelines had to be given "heavy weight," its opinion would have said so.  The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider <u>all</u> of the §3553(a) factors,

not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.  And where the guidelines conflict with other sentencing factors set forth in §3553(a), these statutory sentencing factors should generally trump the guidelines. See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since §3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

## Application of the Statutory Sentencing Factors to the Facts of this Case

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

**1.      The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

**(a) Nature and Circumstances of Offense**

In May 2017, Defendant was a member of a child pornography group on the internet via a service called Kik. Defendant at times acted as an administrator of the group and was responsible for sharing photos and videos of child pornography with other members of the group. Defendant is not able to state how many videos or photos were actually exchanged. However, Defendant did not act to film or photograph the child pornography.

It is also relevant to note that while a number of victims have submitted statements and requests for restitution, the Defendant did not have direct contact with these individuals. Defendant does not raise this in any effort to reduce the seriousness of his conduct. He is merely suggesting that there is a range of criminal culpability involved and is asking the Court to

consider that range.

**(b) History and Characteristics of Defendant**

Prior to the instant offense Defendant was a college student at Dickinson College in Carlisle, PA. Defendant had completed his 4th year of study and is only several classes short of receiving a degree.

Defendant has no significant prior criminal record. As noted in the Pre Sentence Investigation Report, Defendant pleaded guilty to a speeding offense.

Defendant also had a summary disorderly conduct conviction on December 18, 2017. This offense was originally charged as a marijuana possession offense, but was then modified to allow a plea to summary disorderly conduct.

On May 3, 2018, federal agents executed a search warrant at Defendant' residence at Dickinson in Carlisle. At that time federal agents found a small amount of marijuana, which they turned over to the Carlisle Boro Police for further investigation and prosecution. On July 18, 2018, Defendant pleaded guilty to Possession of a Controlled Substance- Marijuana 35 P.S. 780-113(a)(16)- M and was ordered to pay a fine.

It should be noted that this charge was for conduct that occurred after the conduct, but before Defendant's arrest in the instant case. Pursuant to Federal Sentencing Guidelines 4A1.2(a), this offense does count as a "prior sentence." However Defendant would ask the Court to consider the fact that the conduct in the Possession of a Controlled substance case concerned a small amount of marijuana and that both the Cumberland County District Attorney as well as the Magisterial District Court both felt that a fine was the only appropriate punishment. As this conduct occurred before Defendant's arrest on the instant case, there was no opportunity for

rehabilitation.

Defendant is requesting that the Court take the foregoing into account.

Additionally the Defendant has detailed in his Presentence Report abuse he suffered at ages 12 to 15. (See Report page 10, paragraphs 47-48). The Federal Courts have determined that a downward departure may be appropriate in extreme cases of childhood abuse. See United States v. Rivera, 192 F.3d 81, 84 -85 (2d Cir. 1999). It is requested that this Court consider this abuse in fashioning the sentence.

Defendant has been diagnosed with schizophrenia unspecified, generalized anxiety disorder and post traumatic stress disorder. (See Presentence Report, page 11, paragraph 53). There are also test results indicating a borderline personality disorder with schizotypal, melancholic and unspecified or negativistic personality features. Id. Defenant has voluntarily sought and accepted treatment for these conditions. Significant mental and emotional conditions may be a basis for a downward departure pursuant to USSG 5H1.3. It is requested that the Court consider these conditions in fashioning a sentence.

Defendant has been attempting to obtain letters in support of his character. Those letters will be submitted upon receipt of this counsel to the Court as far as possible in advance of sentencing.

Defendant has been actively participating in mental health counseling in respect to his interest in child pornography. It is expected that either a report or testimony from Defendant' counselor will be presented at sentencing. Defendant began counseling of his own volition and has continued counseling in accordance with the recommendations of his supervising probation

officers. Post-offense rehabilitation efforts may be considered as a basis for downward departure

at sentencing. See Gall v. United States, 552 U.S. 38 (2007)

     Sentencing Courts have been affirmed in downward variances in child pornography cases

before where they took into account the individual characteristics of a defendant. It is therefore

requested that this court consider the following cases in fashioning a sentence:


     United States v. Autery, 555 F.3d 864 (9th Cir. 2009) (affirming downward variance
from a guideline range of 41-51 months to five years probation in possession of child
pornography case based in part on finding that the defendant did not fit the profile of a
pedophile, had no history of substance abuse, no interpersonal instability, was motivated and
intelligent, and had the continuing support of his family).

     United States v. Huckins, 529 F.3d 1312 (10th Cir. 2008) (affirming downward variance
in possession of child pornography and criminal forfeiture case based on defendant's lack of
significant criminal history, depression at the time of the offense, short time period in which the
offense took place, lack of repeat offending by the defendant after his arrest, significant self
improvement efforts during the year and a half in which he waited to be prosecuted, and that the
defendant was 20 years old when he committed the crime).

     United States v. McBride, 511 F.3d 1293 (11th Cir. 2007) (affirming a downward
variance from 151 to 188 months in prison to 84 months in prison in a child pornography case in
which the district court found the defendant's history of abuse and abandonment to be one of the
worst ever seen by the court).

     United States v. White, 506 F.3d 635 (8th Cir. 2007) (affirming a downward variance in a
distribution of child pornography case in which: there was only one instance of distribution; the
defendant was an older man with a deteriorating medical condition; he had no criminal history;
and a medical expert testified that the defendant posed a low risk of recidivism).


**2.**    **The Need for the Sentence Imposed To Promote Certain Statutory Objectives**:

    **(A) to reflect the seriousness of the offense, promote respect for the law, and provide
just punishment for the offense**

     Defendant is facing a five year mandatory in relation to Count 1- 18 U.S.C.

§2252A(a)(2). Defendant has never denied or contested his conduct. Upon execution of the search warrant. Defendant immediately hired counsel who immediately contacted the FBI and U.S. Attorney. Through counsel, Defendant agreed to stay in contact with the U.S. Attorney and agreed to turn himself in upon request.

Defendant complied with all those agreements and did surrender himself to the Court at the agreed upon time on October 9, 2018.


**(B) to afford adequate deterrence to criminal conduct**

Defendant has never been incarcerated or on probation previously. There is no doubt that Defendant will be incarcerated for the remainder of his youth. Defendant will have a conviction as a sex offender and will have to comply with SORNA and other requirements for the remainder of his life.

In short, this counsel sees no possibility that Defendant will ever have anything resembling a normal life. Upon release from prison, Defendant will always have great difficulty obtaining employment and housing. Defendant will never have the freedom of movement of other members of the public as he will have to report where he lives and where he works to law enforcement.

It is believed that a significant period of incarceration coupled with the reporting and other requirements will provide adequate deterrence to future criminal conduct.


**(C) to protect the public from further crimes of the defendant**

Defendant has demonstrated remorse and an acceptance of responsibility for his conduct. It is believed that the remorse and acceptance of responsibility is an indicator

that the Defendant is not likely to reoffend.

Defendant has voluntarily entered a mental health treatment program for his conduct. It is believed that this treatment as well as future required treatment will serve to protect the public.

Additionally, as noted herein, Defendant will have substantial reporting requirements under SORNA. The purpose of the SORNA requirements is to protect the public.

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

Defendant has completed most of his college education. Defendant would be best served if he has the opportunity to complete his degree and work in a professional capacity. Defendant has above average intelligence and would be able to master most trades or occupations if given the opportunity to do so.

**3.     The Kinds of Sentences Available**

In Booker, the Supreme Court severed and excised 18 U.S.C. §3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. Booker, 125 S. Ct. at 756.  This renders the sentencing guidelines advisory. Id.

**4.     The Sentencing Range Established by the Sentencing Commission**

In the instant case, Defendant' Criminal History Category is "I" as Defendant has 1 Prior Record Point. As discussed herein, that prior record point is based on conduct that occurred after

the instant conduct, but before arrest on the instant conduct.

 Defendant Offense Level for the Distribution of Child Pornography- Count (18 U.S.C.

§2252A(a)(2)) was correctly determined by the government and probation office to be a 22.

The Government and Defendant agreed as follows in respect to sentencing levels as part

of a written plea agreement:

1) A 2 level increase applies as a minor under age 12 was involved (USSG 2G2.2(b)(2)),

2) A 2 level increase for other distribution applies (USSG 2G2.2(b)(3)(f))

3) A 5 level increase for a pattern of sexual abuse or exploitation of a minor was applicable (USSG 2G2.2(b)(5) )

4) A 2 level increase for possession of a computer was applicable (USSG 2G2.2(b)(6), and

5) A 5 level increase for possession of more than 600 images was applicable (USSG 2G2.2(b)(7)(D)).

This would lead to an adjusted offense level of 38 with an acceptance of responsibility

adjustment of 3, leaving the total offense level at 35.

The Probation Office found that an additional enhancement did apply in the Pre Sentence

Investigation Report:

Because material displays sadistic or masochistic conduct or violence an additional 4

levels apply (USSG 2G2.2(b)(4)(A)),

The Probation Office also differed with the parties and found that a 2 level increase for

distribution did not apply pursuant to USSG 2G2.2(b)(3)(F), but found instead that a 5 level increase for distributing in exchange for any valuable consideration (other pornographic material) did apply pursuant to USSG 2G2.2(b)(3)(B).

The Probation Office has determined that the adjusted offense level would be 45 with a 3 level adjustment for acceptance of responsibility leading to a total offense level of 42.

It is requested that the Court resolve the discrepancy between the Government and Defendant's recommendation and the Probation Office's recommendation.

The Government did not seek an increase due to the material displaying sadistic or masochistic violence, yet the probation office is seeking that increase. This Counsel has reviewed all reports in the case, but has not viewed the seized child pornography and will not do so unless absolutely necessary. This Counsel also does not expect the Court to view the child pornography.

The Probation Office has not specified what image(s) or video(s) it relied on to conclude that the material portrays sadistic or masochistic conduct or other depictions of violence. The Pre Sentence Investigation Report states on page 5 that "at least 21 of the seized images depicted bondage and/or sexually violent conduct involving juvenile victims." It is unclear as to where the Probation office obtained that information.

Defendant is respectfully requesting that there be an offer of proof without displaying the material so that the Court can determine whether this increase does apply. Defendant would

request that this offer of proof be provided in advance of sentencing so that the Defendant can prepare a response.

Next, the Probation Office recommended an increase due to the distribution of child pornography in return for valuable consideration. USSG 2G2.2(b)(3)(B). This Counsel does note that the official commentary to the Sentencing Guidelines states that valuable consideration may be other child pornographic material. Defendant is respectfully requesting that the Court make a determination as to whether this increase applies as this increase was not sought by the Government.

It is also important to note that several courts have disagreed with the child pornography sentencing guidelines and the appellate courts have repeatedly affirmed a sentencing court's ability to disagree and vary a sentence accordingly. See e.g. United States v. Huffstatler, 571 F.3d 620 (7th Cir. 2009), United States v. Grober, 624 F.3d 592 (3d Cir. 2010), United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010), United States v. Vanvliet, 542 F.3d 259 (1st Cir. 2008). Defendant does believe that the approach mentioned in these cases is persuasive as the sentencing guidelines for child pornography cases are inconsistent with past practices in developing guidelines. Additionally, there is a recent article that discusses downward departures in child pornography cases. Bujnowski, Dolores, "Undermining the United States Sentencing Guidelines: Downward Departure in Child Pornography Cases" (2017). Law School Student Scholarship. 930. https://scholarship.shu.edu/student_scholarship/930. This article may be referenced at the time of sentencing.

It is therefore requested that this Court consider the rationale as discussed in the aforementioned cases and fashion an appropriate sentence.

**5.         The Need To Avoid Unwarranted Disparities**

This is does not appear to be applicable as of this filing.

**6.         The need to provide restitution to any victims of the offense**

Multiple victims have submitted restitution requests. Defendant hopes to someday be able to hold a job that would allow him to earn a reasonable living and pay restitution. Defendant is asking the Court to consider a lesser period of incarceration that would allow this to occur.

## Location of Incarceration

Defendant has been able to do some research on Federal Correctional Institutions and would request that the Court recommend that he be incarcerated at one of the following institutions, if appropriate:  FCI Elkton in Elkton, Ohio; FCI Otisville in Otisville, NY

## Conclusion

The Probation Office has recognized that the guideline imprisonment range is 360 to 480 months. If the Court were to follow that recommendation Defendant would be incarcerated until approximately age 53. Such a sentence would effectively preclude the Defendant from ever having any career or possibility to rehabilitate his life or being able to make restitution.

Defendant is requesting that the Court consider a lesser sentence including a variance that takes into account his age, his lack of a prior record, he willingness to engage in treatment and his acceptance of responsibility.

For the foregoing reasons, Jordan James respectfully requests that the Court impose a just sentence taking into account the directives set forth in 18 U.S.C. §3553(a) and all relevant caselaw.

Respectfully requested

_____/s/_____
Eric Winter
Prince Law Offices
646 Lenape Road
Bechtelsville, PA 19505
Attorney ID 84200
610-845-3803